

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

February 10, 2026

**Opinion No. KP-0516**

Re: Social Security Numbers Required for Occupational Licenses

The Governor has made clear that "all appropriate state agencies [are] to assist federal actors" in combatting the presence of "illegal aliens found in Texas." Tex. Exec. Order No. GA-54, 50 Tex. Reg. 810 (Feb. 14, 2025), https://gov.texas.gov/uploads/files/press/EO-GA-54_Help _Enforce_the_INA_IMAGE_2024-01-29.pdf; *see also* OFF. OF THE TEX. GOVERNOR, *Governor Abbott Directs Texas DPS To Strictly Enforce English Proficiency Requirements For Commercial Drivers* (Sept. 4, 2025), https://gov.texas.gov/news/post/governor-abbott-directs-texas-dps-to-strictly-enforce-english-proficiency-requirements-for-commercial-drivers. Likewise, for three decades, our Legislature has commanded that "each licensing authority shall request and each applicant for a license shall provide the applicant's social security number." Act of May 27, 1995, 74th Leg., R.S., ch. 751, § 84, 1995 Tex. Gen. Laws 3888, 3916 (codified at TEX. FAM. CODE § 231.302(c)(1)). Various agencies are nonetheless issuing occupational licenses to individuals who do not provide a social security number in their application.[1] Upon review, it appears the Legislature's unambiguous mandate was obscured by vaulting the nonbinding preference of a federal bureaucrat over the words democratically memorialized in Texas law. *See generally* Tex. Att'y Gen. Op. No. JC-0409 (2001) at 1–2. As the "chief law officer of the State" with solemn duties "involving at all times the exercise of broad judgment and discretion," *Webster v. Comm'n for Law. Discipline*, 704 S.W.3d 478, 495 (Tex. 2024) (citations omitted), the Attorney General is dutybound to clarify the current state of law.

It is axiomatic that an agency cannot "exercise what is effectively a new power, or a power contradictory to the statute, on the theory that such a power is expedient for administrative purposes." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). Still, agencies were loosed of their statutory reins during the Cornyn administration: Attorney General Opinion JC-0409 reflexively relied on PIQ-99-05—a nonbinding guidance memorandum interpreting a provision of federal law that mandates state-level "[p]rocedures requiring . . . the social security number of[] . . . any applicant for [certain licenses] . . . be recorded on the application," 42 U.S.C. § 666(a)(13) (including "occupational license[s]")—to conclude that "[a]n individual is not required to have a social security number" under Texas law. Tex. Att'y Gen. Op. No. JC-0409 (2001) at 1–2 (citing Memorandum from David Gray Ross, Comm'r, Off. of Child Support Enf't, to State IV-D Dirs. & Reg'l Program Managers (July 14, 1999) ("Ross Memo")).

---

[1] Apparently, agencies accept sworn affidavits "claiming" the applicant has no social security number. *See, e.g.*, TEX. DEP'T OF LICENSING & REGUL., OCCUPATIONAL LICENSE APPLICATION CLAIMING TO HAVE NO SOCIAL SECURITY NUMBER (2022), https://www.tdlr.texas.gov/misc/No%20SSN%20affidavit.pdf.

The time has come to correct the error spawned by JC-0409. Even beyond the now-rejected fealty to agencies' statutory interpretation, *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 411 (2024) (overruling *Chevron*'s "judicial invention"), the opinion incorrectly suggests the meaning of Texas law somehow turns on a single bureaucrat's nonbinding interpretation of a federal statutory provision *that did not exist* when subsection 231.302(c)(1) was codified by our Legislature in 1995. The PIQ at the heart of JC-0409 purports to interpret title 42 of the United States Code, subsection 666(a)(13). *See generally* Ross Memo. Yet that subsection was added to the Social Security Act on August 22, 1996—the year *after* subsection 231.302(c)(1) was enacted. Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104–193, § 317, 110 Stat. 2105, 2220–21 (codified at 42 U.S.C. § 666(a)(13)). This is no small oversight given that our Legislature enacted subsection 231.302(c)(1) "[t]o assist in the administration of laws relating to child support enforcement under . . . [title] 42 [of the United States Code] [s]ections 601–617 and 651–669" as they read *in 1995*.[2] Act of May 27, 1995, 74th Leg., R.S., ch. 751, § 84, 1995 Tex. Gen. Laws 3888, 3916 (codified at TEX. FAM. CODE § 231.302(c)(1)). As such, JC-0409 ignores basic interpretive principles as well as the linear progression of time itself. We therefore overrule this mistaken opinion and its progeny.

Our blackletter obligation "in construing a statute is to honor the Legislature's expressed intent, and ordinarily the truest manifestation of legislative intent is legislative language—the words the Legislature chose." *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011) (footnote omitted). That is to say "[w]e take the Legislature at its word." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). Doing so here returns us to the unmistakable call of the Family Code: Occupational licensing authorities "shall *request* and each applicant for a license shall *provide* the applicant's social security number." TEX. FAM. CODE § 231.302(c)(1) (emphases added). The term "'[s]hall' imposes a duty," TEX. GOV'T CODE § 311.016(2), which compels "each licensing authority [to] request" and "each applicant for a license [to] provide the applicant's social security number," TEX. FAM. CODE § 231.302(c)(1); *accord, e.g.*, 22 TEX. ADMIN. CODE §§ 1.23(e), 3.23(e), 5.33(f), 133.21(d)(1)(B), 134.21(d)(1)(B) (implementing coordinate rules for architects, landscape architects, interior designers, engineers, and land surveyors). This leaves no room for attestations that serve only to memorialize statutory non-compliance by occupational license applicants and soliciting agencies alike.[3]

---

[2] Neither is it difficult to see why requiring a social security number would prove helpful to this version of the Social Security Act. *See, e.g.*, 42 U.S.C. § 653(b) (1995) (authorizing the social security number "of any absent parent" be provided to certain entities); *see also, e.g., id.* §§ 652(a)(10)(E) (1995) (reporting state-specific data on "locate requests submitted without the absent parent's social security account number"), 654(16) (1995) (authorizing state-administered "data processing and information retrieval" containing social security numbers), 666(a)(3)(C) (1995) (requiring states furnish "notice of the absent parent's social security . . . number" for tax refund offsets).

[3] This opinion is limited to occupational licensing—as other categories may prove distinct, *cf., e.g.*, TEX. TRANSP. CODE § 521.142(g) (codifying exception for driver's licenses)—and should not be read more broadly.

### S U M M A R Y

Family Code subsection 231.302(c)(1) unambiguously requires that occupational licensing authorities request and each applicant provide their social security number. As such, agencies cannot solicit or accept attestations that an applicant does not have a social security number.

Prior reliance on the nonbinding federal guidance in PIQ-99-05 is misplaced, and Attorney General Opinion JC-0409 as well as its progeny are overruled.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee